**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KENNY,<br><br>Plaintiff,<br><br>v.<br><br>ONWARD SEARCH and TANDEMSEVEN,<br>Defendants. | Civil Action No. 15-0456 (JLL) (JAD)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Onward Search ("Onward") and TandemSeven (collectively "Defendants")' motion to dismiss Plaintiff John Kenny ("Plaintiff")'s Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND[1]

Plaintiff is an individual residing in Morris County, New Jersey. (Comp. at ¶ 1). Defendant Onward Search is nationwide staffing agency, located and organized under the laws of Connecticut, with an office in New York City. (*Id.* at ¶¶ 2, 7). Defendant Tandem Seven is a Corporation located in New York City. (*Id.* at ¶ 3). On or about August 18, 2014 a representative

---

[1] The following facts are taken as true solely for the purposes of this motion.

named Justin Court ("Mr. Court") of Onward contacted Plaintiff regarding a freelance opportunity to work for TandemSeven. (*Id.* at ¶ 6). Plaintiff agreed that Mr. Court and Onward would represent Plaintiff. (*Id.* at ¶ 8). Plaintiff confirmed that he was interested in a "1099 Contract corp. to corp." at an hourly rate of not less than $85.00. (*Id.* at ¶ 9). Consequently Plaintiff had three phone interviews and an in person interview with TandemSeven between September 4, 2014 and September 17, 2014. (*Id.* at ¶¶ 10-12). Following the in-person interview, when Mr. Court asked Plaintiff is he would like to proceed with Tandem Seven if they made an offer "today", Plaintiff replied, "yes, so long as everything we discussed was still in place." (*Id.* at ¶¶ 13-15).

Mr. Court then reminded Plaintiff that Onward was representing Plaintiff at $85.00 for the previously mentioned contract and that the contract was already approved by TandemSeven. (*Id.* at ¶ 16). Plaintiff then told Mr. Court that if everything was in place and TandemSeven offered him the position, Plaintiff would accept and give Plaintiff's present employer two weeks' notice. (*Id.* at ¶ 17). Within twelve minutes, Mr. Court called Plaintiff to advise him that TandemSeven would like to move forward as soon as possible and that Plaintiff should get his resignation to Plaintiff's current employer in as soon as possible. (*Id.* at ¶ 18). On September 18, 2014, Plaintiff resigned his position with his then current employer. (*Id.* at ¶ 20).

On September 19, 2014, Plaintiff spoke with Mr. Court, who advised Plaintiff that TandemSeven had rescinded the offer because Plaintiff could not start immediately. (*Id.* at ¶ 22). Plaintiff had expected to earn a minimum of $3,400 per week. (*Id.* at ¶ 23). Based upon his conversations with TandemSeven, Plaintiff's position would have lasted eight (8) months. (*Id.* at ¶ 24). Neither Onward nor TandemSeven told Plaintiff that his job offer was conditioned upon him starting immediately, nor that Plaintiff's providing two weeks' notice was unacceptable to

TandemSeven. (*Id.* at ¶¶ 26-27). Plaintiff alleges that both TandemSeven and Onward owed Plaintiff a duty to inform Plaintiff that the acceptance of the position with TandemSeven was contingent upon Plaintiff's immediate start with the company. (*Id.* at ¶ 31).

On December 11, 2014 Plaintiff filed this action with the Superior Court of New Jersey, Morris County, Law Division, alleging Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Fraud/Misrepresentation. (*Id.* at ¶¶ 32-47). Thereafter, on January 22, 2015, Defendants removed this action to the United States District Court, District of New Jersey.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

## III. DISCUSSION

### A. Motion Before the Court

#### 1. Defendants' Motion

Defendants argue that Plaintiff's Complaint should be dismissed on the following grounds: (1) Count I of the Complaint should be dismissed because Plaintiff fails to state a claim for breach of contract; (2) Count II of the Complaint should be dismissed because Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing; and (3) Count III of the Complaint must be dismissed for failure to state a claim for fraud.

**2. Plaintiff's Opposition**

Plaintiff rebuts Defendants' grounds for dismissal by asserting that Plaintiff's Complaint contains sufficient facts to withstand Defendants' motion to dismiss.

**B. Count I**

To establish a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that plaintiff performed his own contractual duties. *Frederico v. Home Depot,* 507 F.3d 188, 203 (3d Cir.2007). Defendants argue that Plaintiff's allegation of the existence of a valid contract is conclusory at best. Defendants state that Plaintiff has not alleged any "essential terms" of the purported contract. Specifically, Defendants contend that Plaintiff has failed to allege "essential terms" such as (1) the expected or anticipated duration of his assignment; (2) the specific compensation terms agreed upon by the parties for Plaintiff's work as a freelancer; or (3) the specific duties and responsibilities Plaintiff was to perform as a freelancer. Moreover, Defendants assert that Plaintiff has not alleged any actual performance of any duties he was obligated to perform under the purported contract.

Plaintiff responds to Defendants contentions by stating that there was an offer by TandemSeven, which was accepted Plaintiff, who immediately resigned his full time employment and provided two weeks' notice. Plaintiff states that the oral employment contract

contained all material terms: location (Jersey City, N.J.); compensation (1099 Contract corp. to corp. at hourly rate of at least $85.00); type of employment (freelance); duration (8 months); and start date (as soon as resignation with present employment was complete.)

The Court agrees with Defendants. Although in his opposition brief, Plaintiff lists the purported material terms of the alleged contract, the ambiguous nature of Plaintiff's pleading does not reasonably allow the Court to infer that Plaintiff has sufficiently alleged an existence of a contract; a breach of that contract; damages flowing therefrom; and that Plaintiff performed his own contractual duties. *Chemtech Int'l v. Chem. Injection Techs.*, 170 Fed. Appx. 805, 807 (3d Cir. 2006) ("To maintain a cause of action in breach of contract, a plaintiff must establish . . . the existence of a contract, including its essential terms"). However, because the Court finds that Plaintiffs may be able to plead breach of contract with specificity, the Court will grant an opportunity to amend this claim insofar as Plaintiff can assert the alleged offer to contract by the Defendants, the material terms of the alleged contract, and the alleged acceptance of those terms. Therefore, Count I is dismissed *without* prejudice.

**C. Count II**

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. *Gehringer v. Atlantic Detroit Die sel Allison*, LLC, 2009 U.S. Dist. LEXIS 23579 (D.N.J. Mar. 23, 2009) (Linares, J.); *see also, e.g., Sons of Thunder. Inc. v. Borden, Inc.*, 148 N.J. 396, 690 A.2d 575, 587 (N.J.1997). The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.' " *Seidenberg v. Summit Bank,* 348 N.J.Super. 243, 254, 791 A.2d 1068 (App.Div.2002) (*quoting Sons of Thunder v. Borden. Inc.*, 148 N.J. 396, 420, 690 A.2d 575 (1997)). Warning against overly broad constructions of the covenant of good

faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." *Brunswick Hills Racquet Club, Inc. v. Rte. 18 Shopping Center Assoc.,* 182 N.J. 210, 231, 864 A.2d 387 (2005). Defendants argue that because Plaintiff did not sufficiently plead the existence of a contract with Defendants, Plaintiff cannot sufficiently allege that Defendants breached the implied covenant of good faith and fair dealing.

As the Court previously noted, Plaintiff has failed to adequately allege the existence of a contract. Without sufficiently alleging the existence of a contract, Plaintiff cannot sufficiently allege the breach of the implied covenant of good faith and fair dealing. Moreover, Plaintiff's complaint fails to allege why under the facts specific to this case early termination of the contract was in bad faith. In short, the claim for breach of the implied covenant of good faith and fair dealing fails to state a claim under Rule 8(a), under the standard articulated by Twombly and Iqbal, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because the Court finds that Plaintiffs may be able to plead a breach of the implied covenant of good faith and fair dealing sufficiently, the Court will grant an opportunity to amend this claim insofar as Plaintiff can assert the alleged offer to contract by the Defendants, of the implied covenant of good faith and fair dealing, and that Defendants acted in bad faith or with ill motive in terminating the alleged contract. Therefore, Count II is dismissed *without* prejudice.

**D. Count III**

To state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 691 A.2d 350, 367–368

(1997). Fraud-based claims are subject to FED. R. CIV. P. 9(b). *Dewey v. Volkswagon,* 558 F.Supp.2d 505, 524 (D.N.J.2008) ("[New Jersey Consumer Fraud Act] claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

A Plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the Defendant on notice of the 'precise misconduct with which [it is] charged.' " *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir.2007) (*citing Lum v. Bank of America,* 361 F.3d 217, 223–224 (3d Cir.2004). To satisfy this standard, the Plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* Moreover, a complaint must " 'state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, i.e., the defendant's intention 'to deceive, manipulate, or defraud.' "3 *Tellabs,* 551 U.S. at 313, 127 S.Ct. at 2504. To satisfy the latter requirement, a plaintiff must " 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.' " *Id.* at 314, 127 S.Ct. at 2504 (quoting 15 U.S.C. § 78u–4(b)(2)).

Defendants argue that Plaintiff bases his fraud claim solely upon general, conclusory and self-serving allegations of misrepresentations and such allegations fail to meet the stringent pleading requirements of Fed. R. Civ. P. 9 (b). Defendants state that the Complaint lacks allegations that Defendants made representations with the intention of not honoring them at the time the representation were made, as Plaintiff never was guaranteed the freelance position with TandemSeven, only that TandemSeven "would like to move forward." Plaintiff argues that even

if this Count does not sufficiently allege Fraud, it does sufficiently allege negligent misrepresentation.

The Court agrees with Defendants. Plaintiff has failed to allege, with particularity, facts that give rise to a strong inference that Defendants acted with the required state of mind. Plaintiff's ambiguous pleading approach also does not allow the Court to infer at this time whether Plaintiff is asserting a fraud count or a misrepresentation count. The Court will grant an opportunity to amend this claim insofar as Plaintiff can assert facts with sufficient particularity to meet the pleading standards articulated by the Federal Rules of Civil Procedure, as well as clear any ambiguity as to what this particular Count is asserting against Defendants. Therefore, Count III is dismissed *without* prejudice.

## IV. CONCLUSION

For the reasons herein expressed, Plaintiff's Complaint is dismissed *without* prejudice. Plaintiff may amend within 30 days.

An appropriate Order accompanies this Opinion.

Date: April 15, 2015

Jose L. Linares
United States District Judge