NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KENNY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ONWARD SEARCH and TANDEM SEVEN,<br>　　　　　Defendants. | Civil Action No. 15-0456 (JLL) (JAD)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Onward Search ("Onward") and Tandem Seven's (collectively "Defendants") motion to dismiss Plaintiff John Kenny ("Plaintiff")'s Amended Complaint (ECF No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## I. BACKGROUND[1]

Plaintiff is an individual residing in Morris County, New Jersey. (Amend. Comp. at ¶ 1). Defendant Onward Search is a nationwide staffing agency, located and organized under the laws of Connecticut, with an office in New York City and an office in Red Bank, New Jersey. (*Id.* at

---

[1] The following facts are taken as true solely for the purposes of this motion.

¶¶ 2, 3). Defendant Tandem Seven is a Corporation located in New York City. (*Id.* at ¶ 3). On or about August 18, 2014 a representative named Justin Court ("Mr. Court") of Onward contacted Plaintiff regarding a freelance opportunity to work for Tandem Seven. (*Id.* at ¶ 12). Plaintiff agreed that Mr. Court and Onward would represent Plaintiff. (*Id.* at ¶ 14). Plaintiff, a "user experience architect," confirmed that he was interested in a "1099 Contract corp. to corp." at an hourly rate of not less than $85.00 for an eight to twelve month project. (*Id.* at ¶ 15, 16, 20). Consequently, Plaintiff had three phone interviews and an in person interview with Tandem Seven between September 4, 2014 and September 17, 2014. (*Id.* at ¶¶ 16-21). On September 17, 2014, following the in-person interview, when Mr. Court asked Plaintiff if he could accept on Plaintiff's behalf if Tandem Seven came back with an offer, Plaintiff replied, "yes, so long as everything we discussed was still in place." (*Id.* at ¶¶ 26-27).

Mr. Court then confirmed with Plaintiff that the agreed compensation was $85.00 an hour on a "corp. to corp." basis and that Plaintiff needed to give two weeks notice to his present employer. (*Id.* at ¶ 28). Within twelve minutes, Mr. Court called Plaintiff to advise him that Tandem Seven wanted to hire him and that he had accepted the offer on behalf of Plaintiff. (*Id.* at ¶ 29-30). Plaintiff confirmed that he could start working for Tandem Seven on October 6. (*Id.* at ¶ 32). Later that evening, Mr. Court sent Plaintiff an email requesting that he create a "Bio" for Tandem Seven and Plaintiff provided Tandem Seven with a model "Bio." (*Id.* at ¶ 33). On September 18, 2014, Plaintiff resigned his position with his then current employer. (*Id.* at ¶ 34).

On September 19, 2014, Plaintiff spoke with Mr. Court, who advised Plaintiff that Tandem Seven had rescinded the offer because Plaintiff could not start immediately. (*Id.* at ¶ 36). Plaintiff had expected to earn a minimum of $3,400 per week. (*Id.* at ¶ 37). Based upon his conversations with Tandem Seven, Plaintiff's position would have lasted at least eight (8)

months, and therefore Plaintiff had expected to earn between $100,000 and $160,000. (*Id.* at ¶ 38). Neither Onward nor Tandem Seven told Plaintiff that his job offer was conditioned upon him starting immediately, nor that Plaintiff's providing two weeks' notice was unacceptable to Tandem Seven. (*Id.* at ¶¶ 40-41). As of September 17, 2014, when Plaintiff allegedly accepted the offer, both Onward and Tandem Seven knew that Plaintiff intended to provide two weeks notice to his then current employer. (*Id.* at ¶ 42). Plaintiff claims that both Tandem Seven and Onward owed Plaintiff a duty to inform Plaintiff that the acceptance of the position with Tandem Seven was contingent upon Plaintiff's immediate start with the company. (*Id.* at ¶ 44).

On December 11, 2014 Plaintiff filed this action with the Superior Court of New Jersey, Morris County, Law Division. Thereafter, on January 22, 2015, Defendants removed this action to the United States District Court, District of New Jersey. On May 6, 2015, Plaintiff filed an amended complaint in this Court, alleging Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligent Misrepresentation, Promissory or Equitable Estoppel, and Violation of Private Employment Agency Act and Consumer Fraud Act. (*Id.* at ¶¶ 45-94).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

## III. DISCUSSION

### A. Motion Before the Court

#### 1. Defendants' Motion

Defendants argue that Plaintiff's Amended Complaint should be dismissed on the following grounds: (1) Count I of the Amended Complaint should be dismissed because Plaintiff fails to state a claim for breach of contract; (2) Count II of the Amended Complaint should be dismissed because Plaintiff fails to state a claim for breach of implied covenant of good faith and fair dealing; (3) Count III of the Amended Complaint should be dismissed for Plaintiff's failure to state a claim of negligent misrepresentation; (4) Count IV of the Amended Complaint should be dismissed for Plaintiff's failure to state a claim for promissory estoppel; and (5) Count V of the Amended Complaint should be dismissed for Plaintiff's failure to state a claim against Onward for violation of the New Jersey Private Employment Agency Act and the New Jersey Consumer Fraud Act.

#### 2. Plaintiff's Opposition

Plaintiff rebuts Defendants' grounds for dismissal by asserting that Plaintiff's Amended Complaint contains sufficient facts to withstand Defendants' motion to dismiss.

### B. Count I

To establish a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that plaintiff performed his own contractual duties. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d

Cir.2007). Defendants argue that Plaintiff failed to remedy the vagueness of his original complaint that had previously resulted in dismissal of the same claim, including failure to provide a contractual term for his alleged employment period. Furthermore, Defendants claim that Plaintiff should be judicially estopped from changing his prior inconsistent allegations. Finally, Defendants assert that Plaintiff has not alleged any actual performance of any duties he was obligated to perform under the purported contract.

Plaintiff responds to Defendants contentions by stating that the Amended Complaint specifically alleged the essential terms of the Contract, his acceptance of those terms, the breach of the contract by Defendants and damages suffered by Plaintiff as a result of the breach. Plaintiff further contends that the oral employment contract contained all material terms: location (Jersey City, N.J.); compensation (1099 Contract corp. to corp. at hourly rate of at least $85.00); type of employment (freelance); duration (8 months); and start date (as soon as resignation with present employer was complete.)

The Court finds it inappropriate, at this stage of the litigation, to dismiss Count I. Plaintiff has sufficiently alleged the existence of an oral contract between Plaintiff and Tandem Seven (Amend. Comp. at ¶ 26-34); a breach by Defendants by informing Plaintiff that it would not be performing its obligation to hire him (*Id.* at ¶ 36); damages as a result of the lost employment (*Id.* at ¶ 37-38); and that Plaintiff performed his duty to resign from his existing contract. (*Id.* at ¶ 39). Although the Court is cognizant of Defendants' argument regarding at-will employment, this exception does not apply to contracts of finite duration. Here, Plaintiff has sufficiently alleged that this oral contract was for a finite duration (8 - 12 months). (Id. at ¶ 20). Therefore, because Plaintiff alleged facts sufficient to survive Defendants' motion, Defendants' motion to dismiss Count I is denied.

## C. Count II

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. *Gehringer v. Atlantic Detroit Die sel Allison*, LLC, 2009 U.S. Dist. LEXIS 23579 (D.N.J. Mar. 23, 2009) (Linares, J.); *see also, e.g., Sons of Thunder. Inc. v. Borden, Inc.*, 148 N.J. 396, 690 A.2d 575, 587 (N.J.1997). The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.' " *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 254, 791 A.2d 1068 (App.Div.2002) (*quoting Sons of Thunder v. Borden. Inc.*, 148 N.J. 396, 420, 690 A.2d 575 (1997)). Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." *Brunswick Hills Racquet Club, Inc. v. Rte. 18 Shopping Center Assoc.*, 182 N.J. 210, 231, 864 A.2d 387 (2005).

Defendants argue that because Plaintiff did not sufficiently plead the existence of a contract with Defendants, Plaintiff cannot sufficiently allege that Defendants breached the implied covenant of good faith and fair dealing. Defendants also, assuming arguendo that Plaintiff sufficiently pled a claim for breach of contract, claim that the Amended Complaint is devoid of allegations of bad faith. Plaintiffs respond by stating that the "timing, the manner, as well as the proffered reason by Tandem Seven in repudiating the contract rises to the level of ill will or bad faith."

The Court disagrees with the Defendants that Plaintiff has failed to adequately allege the existence of a contract and a breach of contract claim, as discussed above. However, the Court does agree with Defendants that Plaintiff has not sufficiently alleged the breach of the implied

covenant of good faith and fair dealing. Despite no reference to the controlling Complaint, Plaintiff argues that that the alleged rescinded offer was "probably a lie" in his opposition brief. A mere hypothesis cannot sustain a claim for breach of the covenant of good faith and fair dealing if the hypothesis is not based on a fact alleged in the Complaint itself. *Live Face on Web, LLC v. Emerson Cleaners, Inc.*, No. 14-00182, 2014 U.S. Dist. LEXIS 171667 (D.N.J. Dec. 11, 2014). Accordingly, because Plaintiff has failed to allege any facts that point to an act of bad faith on the part of Defendants, Count II is dismissed with prejudice.

**D. Count III**

To state a claim for negligent misrepresentation under New Jersey law, a plaintiff must allege (1) an incorrect statement; (2) negligently made; (3) upon which plaintiff justifiably relied, and (4) resulted in economic loss or injury as a consequence of that reliance. *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011) (citations omitted).

Defendants argue that Plaintiff has not alleged any misrepresentation of fact because the Amended Complaint fails to identify (1) the specific misrepresentations; (2) the individuals who made them and knew them to be false when they were made to Plaintiff; (3) the date or timing of the misrepresentations and (4) the materiality of the misrepresentations. Moreover, Defendants state that Plaintiff cannot show economic loss or injury because he could have rescinded his resignation to his employer. Plaintiff opposes Defendants' argument by stating that the heightened pleading requirements of Rule 9(b) do not apply to negligent misrepresentation. Plaintiff further contends that Defendants negligently misrepresented the contract offer, its terms, its acceptance, and that Plaintiff incurred damages upon reliance of Defendants' representations.

The Court finds it inappropriate at this stage of the litigation, to dismiss Count III. Plaintiff has sufficiently alleged that Defendants negligently made an incorrect statement that Plaintiff could begin working at Tandem Seven two weeks after giving notice to his former employer upon (Amend. Comp. ¶ 28-34); upon which Plaintiff relied, as he resigned from his job (Amend. Comp. ¶ 34, 39); and suffered economic loss or injury as a consequence of that reliance, in the form of lost income (Amend. Comp. ¶ 37, 38). Therefore, because Plaintiff has sufficiently alleged a claim for negligent misrepresentation, Defendant's motion to dismiss Count III is denied.

**E. Count IV**

To state a claim for promissory estoppel under New Jersey law, a plaintiff must sufficiently allege (1) a clear and definite promise; (2) made with the expectation that the promisee would rely on it; (3) promisee did in fact reasonably rely on the promises; and (4) a definite and substantial detriment to the promisee. *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 574 (D.N.J. 2002).

Defendants argue that Plaintiff's Amended Complaint is devoid a definite promise by Tandem Seven because he has not asserted a written commitment to continue the freelance work for any given time period. Defendants further argue that Plaintiff cannot rely upon the loss of his previous job to claim damages for promissory estoppel. Plaintiff responds by arguing that he had a clear and definite promise that he was to work as an independent contractor for Tandem Seven on a specific project, for a specific period of time, at $85.00/hour, in Jersey City, starting in two week after he gave notice to his employer. Plaintiff claims that it was expected that he would rely on this promise and that he did rely on this promise to his detriment, as he resigned from his job.

The Court agrees with Plaintiff. As discussed above, Plaintiff has pled sufficient facts to establish the existence of a contract and therefore a clear and definite promise by Defendants. (Amend. Comp. at ¶ 26-34). Plaintiff has asserted facts that demonstrate that he reasonably relied on the promise, to his detriment (Amend. Comp. at ¶ 34-39). Plaintiff's Amended Complaint provided specific numbers of the amount of income Plaintiff expected to generate from his new position and what he lost by resigning from his old job (Amend. Comp. at ¶ 37-38). Furthermore, the Court, as requested by the Plaintiff in his opposition papers, will not consider the "equitable estoppel argument" raised in the Amended Complaint. Therefore, Defendants' motion to dismiss Count IV is denied.

**F. Count V**

**1. New Jersey Private Employment Agency Act Claim**

Under the New Jersey Private Employment Agency Act ("NJPEAA"), all employment agencies must be licensed. *Accountemps Div. of Robert Half, Inc. v. Birch Tree Grp.*, 560 A.2d 663, 666 (1989) (N.J. 1989). However, the NJPEAA does not provide for a private right of action for alleged violations of the law. See *N.J.S.A.* § 38:8-43 *et seq.*

Defendants argue that because there is no private right of action, Plaintiff's claim must be dismissed as a matter of law. Furthermore, Defendants provided the Court with a State of New Jersey Business Registration Certification, demonstrating Onward's registration to conduct business in the State. In response, Plaintiff claims that the certificate does not satisfy the registration obligations under the NJPEA.

The Court agrees with the Defendants. As there is no private right of action for violations of NJPEAA, Plaintiff's claim must be dismissed as a matter of law with prejudice.

## 2. New Jersey Consumer Fraud Act Claim

To prevail on a New Jersey Consumer Fraud Act ("CFA") claim, a plaintiff must prove that (1) defendant engaged in "unlawful conduct" under the Act; (2) Plaintiff sustained an ascertainable loss; and (3) a causal relationship exists between the unlawful conduct and ascertainable loss. *Dehart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1049-50 (D.N.J. 2011) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17-24 (1994). "Unlawful conduct" under the CFA is defined as a "misrepresentation in connection with the sale of merchandise or services." *Castro v. NYT Television*, 370 N.J. Super. 282, 294 (App. Div. 2004). The alleged misrepresentation must be made in the context of inducing a sale. *Id.*

Defendants argue that Plaintiff cannot satisfy the first element of a CFA claim because Plaintiff fails to allege that Onward made any purported misrepresentation in an effort to induce Plaintiff to buy something or make a sale. Moreover, Defendants contend that Plaintiff cannot establish an ascertainable loss, and therefore fails to establish the second element of a CFA claim. Additionally, Defendants assert that Onward acted as Plaintiff's agent and therefore, Plaintiff could not be a consumer of Onward. Plaintiff responds to Defendants' argument by stating that Onward's solicitation of Plaintiff to consider the freelance position was misleading advertising because Plaintiff was induced into entering the contract. Plaintiff also claims that he suffered an economic loss.

The Court agrees with Defendants. Plaintiff has failed to sufficiently allege facts that he is a consumer of Onward. Plaintiff did not purchase goods or services from Onward. Rather, the facts in the Amended Complaint state that Onward was to be compensated by Tandem Seven. Therefore, although the facts do sufficiently allege that Onward advertised the freelance position to Plaintiff, Onward never sold Plaintiff a service, as required by the New Jersey Consumer Act.

Accordingly, Plaintiff's Consumer Fraud Act claim must be dismissed as a matter of law as it fails to state a claim under Rule 8(a), under the standard articulated by *Twombly* and *Iqbal*, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice. Therefore, Defendants' motion to dismiss Count V is granted.

### IV. CONCLUSION

For the reasons herein expressed, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part.** Defendants' motions to dismiss Counts I, III, and IV are denied. Counts II and V of Plaintiff's Amended Complaint are dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Date: July 15, 2015

Jose L. Linares
United States District Judge